KENNON, Judge.
In this suit plaintiff seeks to recover over $12,000 in personal injuries and property damage allegedly suffered by him when his automobile was involved in a collision with a car being driven by defendant. Plaintiff alleges that about 6:30 a.m. on August 5, 1950, he was operating his Ford automobile in a westerly direction on U. S. Highway 80 at a legal speed of fifty or fifty-five miles an hour, and had just passed the Fillmore crossroads and was driving up the long hill just east of Fillmore when, as he neared the crest, he observed defendant’s automobile approaching at a high rate of speed and on its left side of the highway. He alleged that he applied his own brakes, which caused the front of his Ford to swerve slightly to its left toward the center line where it collided with the oncoming automobile of defendant, still on its left side of the highway.
The specific acts of negligence charged in the petition against the defendant, Elbert E. Scott, were that he drove his automobile on the left side of the highway; that he failed to maintain a proper lookout; that he failed to keep his car under proper control, and operated the machine in such a manner as to be dangerous to the life and property of others using the highway.
In the alternative, and in the event the Court should conclude that plaintiff was guilty of some act of negligence, plaintiff pleaded that the defendant should have observed plaintiff’s car in ample time to have realized that defendant could not safely remain on the wrong side of the road and should have returned to defendant’s proper side, and that his opportunity to do so gave him the last clear chance to avoid the collision.
*426 Defendant filed a motion to stay proceedings pending the outcome of a suit in Federal Court wherein defendant was seeking to recover from plaintiff’s insurer for the value of defendant’s automobile which he alleged was destroyed in the-same accident as is the basis for the present suit. After this motion was overruled, defendant filed an answer in which he denied the acts of negligence charged against him in plaintiff’s petition, and set forth that the accident occurred solely and only through the fault of the plaintiff Oates in driving his automobile on his left side of the highway.
The District Judge, in a written opinion, observed that the versions of the plaintiff and defendant were exactly opposite, each accusing the other of being on the wrong side of the road. After noting that the plaintiff should fail under such circumstances, unless the physical facts were in his favor, the Court concluded that the physical facts, including the position of the cars after the accident, the location of the debris and the testimony of the highway trooper who investigated the accident, favored the defendant rather than plaintiff. Judgment was rendered rejecting plaintiff’s demands and the case is before us on his appeal from that judgment.
The collision occurred just east of the crest of a hump, or intermediate hill, on the long upward slope of U. S. Highway 80 op the east side of the Giddens Hill. Both plaintiff and defendant were alone in their automobiles and there were no other eyewitnesses to the accident.
Besides the medical testimony, plaintiff was the only witness placed on the stand in support of his case. He testified that he was traveling on his own side of the highway when he saw defendant approaching on the wrong side of the road as he came over the hump of the intermediate hill; that he applied his brakes, causing the rear of his Ford to slide around to the right and the front to correspondingly swerve to the left just before the collision took place.
Plaintiff introduced a photograph in the record to show the resting places • of the automobiles after the collision;
Defendant testified that his automobile was an old model and not capable of making more than thirty to thirty-five miles an hour; that after his automobile, proceeding eastward had passed the crest of Giddens Hill into the intermediate decline and came over the intermediate hump, he observed plaintiff’s automobile coming up the hill on its wrong side of the road; that he did not have time to avoid the collision.
Defendant placed on the stand a highway trooper who testified that he reached the scene of the accident and observed the position of the cars. He verified the fact that the accident occurred just east of the hump in the hill and that both automobiles were located as shown in the picture, which showed the left front wheel of plaintiffs automobile to be off the south side (his left) of the highway with the remainder of the car on the pavement. The picture shows defendant’s car to be headed south with both front wheels on the south side of the road and both back wheels on the north side of the pavement.
Defendant also placed on the stand Mr. Perry Herren, who came along right after the accident and saw the cars in the position shown in the picture.
An examination of the picture, introduced in evidence by the plaintiff, shows the dirt, debris, and glass in the south lane. Defendant’s car is between the camera and a portion of the north lane. However, the state trooper testified that “all this glass and mud and dirt and everything” was in the south lane.
Plaintiff argues that the position of the automobiles after the collision showed that his car was on its own side of the highway and defendant’s car was on its wrong side of the road when the impact occurred. We do not find that the record establishes this theory. On the contrary,, the record is plain that the debris, glass, etc. on tlie highway were on plaintiff’s left side of the road. Under the circumstances, the physical facts are with the defendant rather than the plaintiff. Consequently, the District Court correctly concluded that the plaintiff has not borne the burden of *427 establishing his case by a preponderance of the testimony.
The record establishes no facts in support of plaintiff’s alternative contention that the defendant had the last clear chance to avoid the accident.
The judgment appealed from is affirmed, with costs.